**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KENNETH L. THOMAS, III, | )  |
| Plaintiff, | ) |
| | ) No.  3:10-cv-428 |
| vs. | ) |
| | ) |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | )  **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KENNETH L. THOMAS, III, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Camden, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Washington, which is licensed to do business in Ohio and which has its principal place of business in Lynnwood, Washington.

## **COUNT I**

(Violation of the Fair Debt Collection Practices Act)

7. During or about the month of April of 2010, Defendant's representatives and/or employees, including but not limited to individuals who represented themselves as Rena (last name unknown), Wendy (last name unknown), Adriana (last name unknown) and Richard Ammoto (hereinafter "Ammotto"), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. Defendant's representatives and/or employees often called Plaintiff several times per day, including but not limited to telephone calls which were placed on or about the following dates and times:

    a. April 28, 2010 at 9:08 a.m. and 4:09 p.m.;

    b. April 29, 2010;

    c. April 30, 2010 at 8:06 a.m. and 12:14 p.m.;

    d. May 1, 2010;

    e. May 2, 2010;

   f. May 3, 2010 at 10:09 a.m. and 7:07 p.m.;

   g. May 4, 2010 at 8:11 a.m., 9:14 a.m., 2:02 p.m., 4:32 p.m. and 5:07 p.m.; and

   h. May 13, 2010 at 8:06 a.m., 8:08 a.m., and 8:11 a.m.

9. On at least one occasion during the aforementioned telephone calls, Defendant's representatives and/or employees, including but not limited to Ammotto:

   a. Used obscene, profane and/or abusive language with Plaintiff, including but limited to telling Plaintiff to "man up" and stating that Plaintiff's refusal to speak with Defendant's representatives and/or employees was "childish" and a "disgrace" to Plaintiff's family name;

   b. Threatened further legal action if the alleged debt was not paid, despite the fact that Defendant is neither a law firm nor the original creditor, and thus lacks standing to pursue legal action against Plaintiff;

   c. Stated that Plaintiff's credit record would be ruined forever if the alleged debt was not paid;

   d. Stated that Defendant could keep calling even if Plaintiff notified Defendant in writing that he wished for Defendant to cease further communications with him, as allowed by 15 U.S.C. § 1692c(c); and

   e. Refused to give Defendant's mailing address to Plaintiff so that he could notify Defendant in writing that he wished for Defendant to cease further communications with him, as allowed by 15 U.S.C. § 1692c(c).

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.    Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

    b.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    c.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    e.    Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

    f.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KENNETH L. THOMAS, III, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, KENNETH L. THOMAS, III, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com